STATE, PLAINTIFF-APPELLEE, *v.* MARTIN, JR., DEFENDANT-APPELLANT.

Ohio Appeals, Second District, Montgomery County.

No. 2664.   Decided October 24, 1961.

148

*Hon. Paul R. Young*, prosecuting attorney, for plaintiff-appellee.

*Messrs. Young, Prior, Strickland & Falke*, By *Mr. George H. Strickland, Jr.*, of Counsel, for defendant-appellant.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County rendered upon a jury verdict finding the defendant, Leslie Carl Martin, Jr., guilty of armed robbery.

On Thursday, November 3, 1960, at about 10 p. m., one Byron F. Baker was robbed of his wallet containing money and personal papers by two men armed with a pistol. One of the men was William Kleinberg, the other was Michael Martin, brother of the defendant. The defendant was near the scene in an automobile owned by Kleinberg at the time of the actual taking of the wallet.

The crucial issue in the case was whether the defendant knowingly participated in the robbery or was merely present due to circumstances.

In this regard, Kleinberg testified that the defendant had participated in the conception and planning of the robbery, had secured the pistol, and had shared the money obtained from the victim.

Kleinberg also testified that he and the defendant participated in two other armed robberies; that the same gun was used in each of the three robberies; that the same car was used in two of the robberies; and that Michael Martin, brother of the defendant, was a participant in two of the robberies.

Another witness of the State, George Szakal, a police detective, testified as to details of an oral confession and a later written confession signed by the defendant. The written confession is part of the evidence, and its content substantially corroborates the testimony of Kleinberg as to the manner in which the robbery was conceived and executed.

The confessions were repudiated by the defendant when he

took the witness stand to testify in his own behalf. Although admitting that he was near the scene in Kleinberg's automobile, the defendant denied any knowledge of or participation in the robbery.

For his first assignment of error, the defendant contends that "the court erred in admitting testimony relative to other crimes allegedly committed by the defendant," and the question thus arises whether said testimony is within the permissive scope of Section 2945.59, Revised Code, which provides:

"In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

In support of the assigned error, the defendant argues that the mode or scheme followed in the other two robberies, about which Kleinberg was permitted to testify, was completely different than the system followed in the commission of the crime with which the defendant was charged. After a careful examination of the evidence, however, we cannot agree that the mode of operation was completely different. The stage for each of the robberies had many common characteristics. As heretofore noted, the testimony showed that the defendant had participated in two other acts of armed robbery; that the witness testifying had joined the defendant in committing said act; that the same gun was used in the other acts as in the instant case; that the same car was used in one of said other acts of armed robbery as was used in the instant case; and that defendant's brother was with defendant and the testifying witness during the commission of one of the other acts of robbery.

But aside from the defendant's argument on this point, the testimony was admissible for a more pertinent reason. The sole issue which the evidence presented for the determination of the jury was whether the defendant was at the scene by design or by circumstance. The act charged was susceptible of an innocent

explanation, and the testimony concerning similar acts had a logical bearing upon the real purpose of the defendant. It tends to show that the presence of the defendant at the scene was more than an accident or unfortunate circumstance.

Furthermore, the trial court used unusual care in instructing the jury as to the limited purpose for which the evidence of like acts was admitted, and in our opinion, did not abuse the measure of discretion which it necessarily has in the application of Section 2945.59, Revised Code. The first assignment of error will therefore be overruled.

The defendant also claims that the verdict of the jury was against the weight of the evidence, but the brief reference to the evidence in the consideration of the first assignment of error should be sufficient to show that this claim is without merit. The further contention that the court erred in overruling the motion for a new trial will likewise be overruled.

In conclusion, we find that the defendant had a fair trial and that no error has intervened to his prejudice.

The judgment will be affirmed.

CRAWFORD, P. J., and SHERER, J., concur.